Filed 6/7/13  P. v. Montes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047904 |
| v. | (Super. Ct. No. 97CF0404) |
| JUAN ALEXANDER MONTES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Craig E. Robison, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*     *     *

In 1999, Appellant Juan Alexander Montes was convicted of attempted murder, assault with a semiautomatic firearm, assault with a deadly weapon, exhibiting a firearm, street terrorism, and attendant firearm use and gang enhancements. He was sentenced to 30 years to life imprisonment. He appealed his conviction and we affirmed the judgment against him.

In December 2012, he filed in superior court a petition to recall his sentence on the basis that newly-enacted Penal Code section 1170.126 required a new and lesser sentence for his crimes.[1] The petition was denied and he appealed.

We appointed counsel to represent him on that appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against his client, but advised the trial court he could find no issues to argue on appellant's behalf. Montes was invited to express his own objections to the proceedings against him, but did not. Under the law, this put the onus on us to review the record and see if *we* could find any issues that might result in some kind of amelioration of Montes' lot. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which Montes *would* prevail, but only issues upon which he *might possibly* prevail.

We have examined the record and found no arguable issue. This is not surprising. In fact, it is what we find in the vast majority of cases in which appellate counsel files a *Wende* brief. Even the most cynical observer of the appellate system would have to recognize that appellate counsel has a financial incentive for finding issues. The simple matter is counsel makes more money if he/she finds an issue that is arguable than if he/she does not. So while it sometimes happens that an appellate court will find issues after appellate counsel has thrown in the towel, it is unusual.

This case is not unusual – at least not in any way that would benefit Montes. In fact, the procedural posture of the case limits us to one issue – the one he raised in his petition: Does section 1170.126 apply to his case?

---

[1] All further statutory references are to the Penal Code.

2

It does not. His petition is based upon a misapprehension of the application of the statute.

Section 1170.126 (b) provides: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction in his or her case, to request resentencing in accordance with the provisions of subdivision (e) of Section 667, subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added the section."

Section 1170.126 (e) provides: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

Montes' petition asserted that he had been incarcerated for misdemeanor brandishing a firearm under section 417. Had that been the case, not only would he have been eligible for relief under section 1170.126, but the sentence would have been illegal *ab initio*. But that was not the case. While a violation of section 417 was *one* of the charges of which he was convicted (as a lesser necessarily included offense of assault

3

with a semi-automatic firearm), Montes was also convicted of an array of other charges, at least three of which were exempted by section 1170.126.

No relief is available to Montes under the section, and appellate counsel could do nothing but request independent review by this court under *Wende*. Having conducted that review, we now affirm the judgment.

The judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

4